**SO ORDERED: September 25, 2008.**



_____
**James K. Coachys
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DANNY JOE HOWE, | ) | Case No. 07-3986-JKC-13 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| DANNY JOE HOWE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 08-50036 |
| | ) | |
| HOMECOMINGS FINANCIAL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant Homecomings Financial, LLC ("Homecomings") Motion for Summary Judgment against Debtor/Plaintiff Danny Joe Howe ("Debtor"). For the reasons stated herein, the Court denies the Motion for Summary Judgment.

Homecomings' Motion sets forth the following undisputed facts: Debtor filed for Chapter 13 bankruptcy relief on May 2, 2007. At the time of the filing, Debtor was indebted to

Homecomings in the sum of $97,347.92 under a note and mortgage on his residence. Debtor's plan, which was later confirmed by the Court, indicated Debtor's intention to surrender his residence to Homecomings. Homecomings received notice and was aware of Debtor's bankruptcy filing.

On August 31, 2007, Homecomings sent a letter to Debtor providing instructions for the manner in which he was to make post-petition mortgage payments, notwithstanding his intention to surrender the property. On September 7, 2007, the Court granted Homecomings relief from the automatic stay so that it could proceed against its collateral. Thereafter, Debtor received various communications from Homecomings, including a letter dated September 19, 2007, which stated that it was a "demand for payment for all amounts due and owing as of the date of the letter."

On January 29, 2008, Debtor filed a complaint against Homecomings alleging that Homecomings had willfully violated the automatic stay and requesting an award of actual and punitive damages. It its summary judgment motion, Homecomings argues that its communications to Debtor did not violate the stay. In particular, Homecomings argues that the communications were proper because it had obtained relief from the automatic stay.

Under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). With a motion for summary judgment, the burden rests on the moving party to demonstrate that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. at 2554. After the moving party demonstrates the absence of a genuine issue for trial,

2

the responsibility shifts to the nonmovant to "go beyond the pleadings" to cite evidence of a genuine factual dispute precluding summary judgment. *Id.* at 324, 106 S.Ct. at 2553. If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in its favor on a material question, then the court must enter summary judgment against it. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir.1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986)).

Before turning to the merits of Homecomings' arguments under Rule 56, the Court wishes to first address Debtor's response to the summary judgment motion. That response reads in its entirety:

> The Defendant argues that it received relieve [*sic*] from stay and that, therefore, any attempts to collect the debt did not violate the automatic stay. This is not the law. Defendant harassed the Plaintiff for repayment of the loan in derogation of the automatic stay. Therefore, Defendant is not in titled [*sic*] to Summary Judgment as a matter of law.

The Court is thoroughly unimpressed with the effort that Debtor's counsel has made, both on behalf of his client and this tribunal. Debtor's response, beyond its obvious typographical errors, can hardly be said to meet the requirements of S.D.Ind.L.R.56.1. That rule provides:

> [A] party opposing the motion shall serve and file a supporting brief and any evidence not already in the record upon which the party relies. The brief shall include a section labeled "Statement of Material Facts in Dispute" which responds to the movant's asserted material facts by identifying the potentially determinative facts and factual disputes which the nonmoving party contends demonstrate that there is a dispute of fact precluding summary judgment. These facts shall be supported by appropriate citations to discovery responses, depositions, affidavits, and other admissible evidence either already in the record or contained in an appendix to the brief.

While the Court concludes, as explained below, that Homecomings is not entitled to summary judgment, that ruling should not in any way be construed as an endorsement of counsel for Debtor's

work product.

Returning to the merits of Homecomings' motion for summary judgment, the Court cannot conclude as a matter of law that Homecomings' communications to Debtor did not violate the automatic stay. Homecomings, upon receiving relief from the stay, was free to proceed against its collateral. There is language, however, in at least some of the communications that could reasonably be interpreted as attempts to collect a debt against Debtor personally–in violation of 11 U.S.C. § 362(a)(6) and in excess of the relief granted to Homecomings per the Court's September 7, 2007 Order.

Based on the foregoing, the Court concludes that a genuine issue of material fact exists as to whether Homecomings' communications to Debtor violated the automatic stay and, assuming they did, whether such violations were willful. The Court, therefore, denies Homecomings' request for summary judgment. The Court will proceed with trial, which is currently scheduled for November 5, 2008, at 1:30 p.m.

###

Distribution:

Mark S. Zuckerberg
Brian L. Goins
UST